In the Matter of the Accounting of George O'Connell, as Executor and Trustee under the Will of Lillian H. Casey, Deceased.

Surrogate's Court, Kings County, February 24, 1955.

*Charles W. Parker* for executor and trustee, petitioner.

*Joseph Jay,* special guardian.

*Grace Munson,* respondent in person.

Moss, J. (Justice of the Supreme Court as Acting Surrogate.) In this accounting proceeding, construction is sought of paragraph " Second " of the will of the testatrix wherein she gave, devised and bequeathed to a niece the sum of $2,000 and all of her real property and, in addition, devised to her certain premises which it was her declared intention to purchase " if the negotiations are successful." The will was executed shortly after the death of her husband who owned the premises and directed, in his will, that they be sold and the proceeds thereof distributed to religious organizations for the saying of Masses. The testatrix, as coexecutrix under the will of her husband, was preparing an application to the Surrogate for approval of her proposed purchase of the said premises but died before the petition was presented, owning no real property. Thereafter, the surviving executor sold the premises and distributed the proceeds in accordance with the directions in the husband's will.

Testatrix' niece requests that paragraph " Second " be construed " so as to carry out the intention of the testatrix and give the proceeds of the sale of the real property " to her, by which she probably means that she receive from the estate of the testatrix an amount equal to the proceeds of the sale of the premises in substitution of the property itself. She alleges facts which may reasonably support her claim that testatrix intended to give her testamentary benefits equal in amount to those given to her sister by another paragraph of the will. The special guardian for infant beneficiaries opposes any such construction on the ground that there was an ademption of a specific devise of the premises in question.

The court holds that the devise of the said premises was conditioned upon the testatrix acquiring title to the premises or any interest therein that could pass under the will, and that the devise failed because the condition did not materialize. The questions of ademption or substitution of benefit are not involved. Proceed accordingly.